ANDERSON v ANDERSON

DIVORCE—CHILDREN—CUSTODY—APPEAL AND ERROR.

A child's welfare is the paramount consideration in deciding which parent in a divorce action receives custody and the Court of Appeals will not undertake to substitute its judgment for the trial judge's judgment that the mother should have custody, where the record reveals that neither party could exercise immediate personal custody in this state, the trial judge with thoroughness and patience allowed each party to testify at length as to custodial plans, and in finality the judge decided that in the child's best interests she should be with her mother in Texas under conditions that were arranged for by the mother while the couple was separated and before the divorce was granted.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 October 2, 1973, at Grand Rapids. (Docket No. 16336.) Decided November 2, 1973.

Complaint by Sharon L. Anderson against Andrew B. Anderson for divorce. Judgment for plaintiff. Defendant appeals the custody provisions of the judgment. Affirmed.

*Birkhold, Newland & Hills,* for plaintiff.

*Troff, Lilly, Piatt, File & Doyle,* for defendant.

Before: HOLBROOK, P. J. and BASHARA and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation §§ 779, 791, 793, 794, 812.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. This is a divorce action. Plaintiff wife was granted a judgment of divorce from the defendant and awarded custody of the parties' daughter, with permission to remove the child's domicile to Corpus Christi, Texas.

On appeal, defendant raises two issues relating to whether the trial judge abused his discretion in (1) awarding custody of the couple's minor child to plaintiff and (2) in permitting plaintiff to take the daughter to the mother's residence in Texas without prior investigation of the custodial conditions by the Texas counterpart of our Friend of the Court. He invokes GCR 1963, 727.2(4) in his support. The rule by its express terms relates to the removal of a child from this state with judicial permission after the original custodial conditions in this state have been judicially approved.

In this case neither party could exercise immediate personal custody in this state. The trial judge with commendable thoroughness and patience allowed each party to testify at length as to his or her custodial plans. In finality he decided that in the child's best interests she should be with her mother in Texas under the circumstances described in the record. These conditions were arranged for by the mother while the couple was separated and before the divorce was granted. The chancellor also arranged for financial credits to the father for trips to Texas to see the child.

The child's welfare is the paramount consideration. We will not undertake to substitute our judgment for his in this regard. All in all he seems to have done as much as equity could do as between the parties.

We find no abuse of discretion. We affirm, costs to appellee.

All concurred.